FILED'06 SEP 18 09:17USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BARBARA A. HOWER, ) | |
| ) | |
| Plaintiff, ) | Civil No. 05-6257-JO |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| COMMISSIONER, SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

Drew L. Johnson
1700 Valley River Drive
Eugene, OR 97405

Kathryn Tassinari
HARDER WELLS BARON & MANNING, PC
474 Willamette Street, Suite 200
Eugene, OR 97401

  Attorneys for Plaintiff

Leisa A. Wolf
Michael McGaughran
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue, Suite 2900
M/S 901
Seattle, WA  98104-7075

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

    Attorneys for Defendant

JONES, Judge:

Claimant Barbara Hower seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Following a careful review of the record, the court concludes that the Commissioner's decision denying claimant DIB is supported by substantial evidence and must be affirmed. The Commissioner's decision denying claimant SSI contains errors and must be remanded to the Commissioner for further administrative proceedings consistent with this opinion.

ADMINISTRATIVE HISTORY

Claimant filed applications for DIB and SSI in December 1997, alleging an inability to work since January 1, 1997. The applications were denied at the initial level on April 16, 1998, and no appeal was taken. Claimant reapplied for benefits on October 21, 1999. The applications

2 - OPINION AND ORDER

were denied initially and on reconsideration. Claimant requested a hearing, which was held before an Administrative Law Judge ("ALJ") on December 13, 2001. Claimant, represented by counsel, appeared and testified at the hearing. A vocational expert ("VE") and Betty Turner, claimant's mother, also testified. On December 28, 2001, the ALJ issued a decision denying claimant's applications. In the 2001 decision, the ALJ noted that the earlier denial could be reopened for "good cause," but the ALJ found no error on the earlier record, and claimant submitted no new and material evidence in connection with the then-current claims that was relevant to her alleged disability in the earlier initial disallowance. Tr. 18. Accordingly, the ALJ found no good cause to reopen the earlier applications, thus establishing the 1998 denial as the binding and final decision of the Commissioner on the applications claimant filed in 1997.

Claimant timely requested review of the December 28, 2001, decision by the Appeals Council. On June 21, 2002, the Appeals Council vacated the ALJ's decision and remanded the case, directing the ALJ to, among other things, articulate an adequate reason for not affording controlling weight to claimant's treating psychiatrist. The Appeals Council also ordered the ALJ to escalate a later-filed application for SSI to the hearing level and consolidate it in the decision.

On remand, the ALJ held a second hearing. Claimant, again represented by counsel, testified, as did her sister Kelly Malloy, a medical expert, and a VE. On August 24, 2003, the ALJ again issued an unfavorable decision. That decision became the final decision of the Commissioner on June 28, 2005, when the Appeals Council declined review.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole.

3 - OPINION AND ORDER

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. §§ 404.1520, 416.920. The ALJ first determined that claimant met the nondisability requirements for a period of disability and DIB through December 31, 1999. The ALJ then found that claimant has not been engaged in substantial gainful activity since her alleged onset date.

Second, the ALJ found that claimant has an affective disorder, possibly bipolar, anxiety disorder, and personality disorder; a history of seizures, which were reported to be in good clinical control; a history of migraines and fairly stable asthma/bronchitis; a history of low back pain and cervical degenerative disc disease; diabetes mellitus; mild osteoarthritis/chondromalacia patella; hypothyroid; venous insufficiency; a history of mild diarrhea mostly controlled with medication adjustment; and obesity. The ALJ found claimant's mental impairments to be "not severe" before November 1999. Although the ALJ found claimant's bipolar symptoms to be "severe" after November 1999, he concluded that her impairments, alone or in combination, did not meet or medically equal the impairments in the Listing of Impairments at 20 C.F.R. Pt. 404,

Subpt. P, App. 1 (Tr. 29). In making this finding, the ALJ found claimant's allegations and the third parties' allegations concerning her limitations not to be fully credible. (Tr. 29).

In the next step of the evaluation, the ALJ determined that claimant retains the following residual functional capacity:

> the claimant is limited from lifting and carrying more than 25 pounds frequently with an occasional 50 pound maximum. She is unable to work around dangerous machinery, unable to perform kneeling functions, unable to tolerate excessive dust or smoke, and unable to perform excessive lifting or overhead work. She is unable to supervise children effectively in a daycare or aftercare setting. She would do better in an office type atmosphere than in a factory setting. It would be better if she could feel part of a group in an office setting. She is limited from maintaining a rapid pace with rigid quotas. She would do better with a predictable routine. She is able to be in routine contact with the public, but would not do well with problem solving using people skills, such as in a complaint department.

(Tr. 30.)

The ALJ next determined that claimant is unable to perform any of her past relevant work. The ALJ further found that before July 24, 2003, claimant was a younger person (under age 50), but after July 24, 2003, was considered to be a person closely approaching advanced age under 20 CFR § 404.1663(d) and § 416.963(d); that claimant has "more than a high school (or high school equivalent) education"; that she has transferable skills from semi-skilled work previously performed; and that she has the residual functional capacity to perform a significant range of light work. (Tr. 30.) Based on the testimony of the vocational expert, the ALJ found that although claimant's exertional limitations do not allow her to perform the full range of light work, she remained capable of performing work as an office clerk and unit clerk in a medical setting. Specifically, the ALJ found that "claimant has demonstrated skills in past work which were transferable to the work as office clerk and unit clerk in a medical setting, including record

5 - OPINION AND ORDER

keeping, customer service, cash handling, familiarity with medical terminology, and familiarity with paperwork routines, including forms." (Tr. 30.) Consequently, the ALJ found claimant not to be disabled at any time through the date of his decision within the meaning of the Social Security Act, and denied her applications for benefits. (Tr. 30-31.)

## STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record. I will not, therefore, repeat the evidence except as necessary to explain my decision.

## DISCUSSION

Claimant alleges several errors in the Commissioner's decision: She contends that the ALJ improperly assessed her credibility and that of her lay witnesses; failed to give legally sufficient reasons for rejecting the opinions of two treating psychiatrists, Drs. Sobotka and Kaczmarek[1]; and erroneously found that she retains the ability to perform other work in the national economy.

I have thoroughly reviewed the lengthy and complex administrative record in this case, and conclude that the ALJ's decision, in part, cannot be sustained. Although I find that the ALJ's evaluation, on remand, of the various medical opinions and his decision to accept Dr. Crossen's opinions over those of Drs. Kaczmarek and Sobotka is proper and constitutes substantial evidence, the ALJ failed to support his most recent credibility findings by adequately addressing claimant's and her lay witness' testimony given in the June 2004 hearing.

---

[1] The Table of Contents to Claimant's Memorandum inexplicably refers to several doctors who appear not to be involved in her treatment or this case.

6 - OPINION AND ORDER

In the decision before remand, the ALJ properly addressed witness credibility. Several years passed, however, before the hearing on remand. During the second hearing, claimant testified that her condition had changed since the earlier hearing, and she now had diabetes, the medication for which caused "extreme diarrhea" "seven, eight times a day." (Tr. 763.) Claimant explained that "whenever I eat something within about 15, 20 minutes I have to make a run to the bathroom, and it's just explosive diarrhea * * *." (Tr. 763.) She also described her bipolar disorder as worsening, with rapid mood cycles every day, and testified that her nighttime sleep is disrupted and she sleeps three to four hours per day. (Tr. 765-768.) Claimant's sister also testified, stating that her sister' condition had worsened over the past few years, particularly the rapid cycling of her ups and downs. (See Tr. 777-785.)

The ALJ found that "claimant's own and the third party allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision." (Tr. 29.) However, although the ALJ referenced his discussion of claimant's credibility from his earlier decision, the decision on remand is silent with respect to the ALJ's evaluation and determination of the credibility of claimant's and her lay witness' testimony, including whether there was any recent evidence of exaggeration or malingering. Consequently, the ALJ's credibility determination cannot be sustained. See Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995)(ALJ must make findings "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony"); Stout v. Commissioner, 454 F.3d 1050, 1053, 1056 (9th Cir. 2005)(failure to consider and comment upon uncontradicted lay testimony not harmless error).

This brings me to the issue of remedy. The Ninth Circuit has articulated standards by which this court is to decide whether to remand for further proceedings or simply for an award of benefits. If enhancement of the record would be useful, remand for further proceedings is appropriate. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). If, however, the record has been fully developed and further administrative proceedings would serve no useful purpose, the court should remand for an immediate award of benefits. Id. More specifically, the court should credit evidence that was rejected improperly during the administrative process and remand for an immediate award of benefits if:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Id. (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)). In the end, however, it is within this court's discretion to remand for further proceedings or an immediate award of benefits. Id. at 590.

Because the ALJ provided no reasons for the most recent credibility finding, the court is unable to determine whether the error affected the ALJ's ultimate disability determination. See Stout, 454 F.3d at 1056. Moreover, it may be that further development of the medical evidence will or will not support claimant's allegations of severe diarrhea, worsening condition, and sleep disruption. Consequently, with respect to claimant's SSI claim, this court cannot say that the record, as developed, compels a finding of "disabled." With respect to claimant's DIB claim, however, nothing in the record or the parties' arguments persuades me that the ALJ erred in finding claimant not disabled before December 31, 1999, and thus not entitled to DIB.

8 - OPINION AND ORDER

## CONCLUSION

Based upon a review of the record, the Commissioner's decision denying claimant's application for DIB is supported by substantial evidence on the record as a whole and is, therefore, AFFIRMED. The Commissioner's decision denying claimant's application for SSI is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

DATED this 15th day of September, 2006.

_____
ROBERT E. JONES
U.S. District Judge

9 - OPINION AND ORDER